**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**In Re:**

| | | |
|---|---|---|
| **Avie E. Cohen,** | ) | |
| | ) | |
| **Debtor,** | ) | Case No. 06 C 3190 |
| | ) | |
| **FISCHER INVESTMENT CAPITAL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge Holderman** |
| | ) | |
| **AVIE E. COHEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**APPELLEE AVIE COHEN'S RESPONSE TO FISCHER INVESTMENT**
**CAPITAL INC.'S APPELLATE BRIEF**

Lester A. Ottenheimer -- 3127572
Ottenheimer Teplinsky Rosenbloom, LLC
750 Lake Cook Road
Suite 140
Buffalo Grove, Illinois 60089
(847) 520-9400

# I.   TABLE OF CONTENTS

Page No.

Jurisdictional Statement…………………………………………………………….. 1

Procedural History…………………………………………………………………. 1

Standard Of Review………………………………………………………………… 3

Statement Of Facts…………………………………………………………………. 4

Argument…………………………………………………………………………… 5

    A.    The Bankruptcy Court correctly granted Avie Cohen's
Motion for Summary Judgment on Count I…………………………… 5

    B.    The Bankruptcy Court correctly held that Fischer Investment
failed to establish all the elements of a claim under §523(a)(2)(B)…… 7

    C.    The Bankruptcy Court correctly found that there was not a
genuine issue of material fact on whether the written statements,
attached as Exhibit C to the Adversary Complaint, were materially
false………………………………………………………………………. 8

    D.    The Bankruptcy Court correctly found that there was no genuine
issue of material fact regarding whether Cohen intended to
fraudulently induce Fischer Investment to make the loan……………… 11

Conclusion………………………………………………………………………… 13

**CASES**:

*Berkson v. Gulevsky (In re Gulevsky)*, 362 F.3d 961, 963-64 (7th Cir. 2004)………… 12

*Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 512 (1984)……. 11

*In re Garcia*, 2004 WL 2862311 (Bank.N.D.Ill.)……………………………………… 6

*Grogan v. Garner*, 498 U.S. 279, 291 (1991)………………………………………… 6

*Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)…………… 8

*In re Midway Airlines, Inc.*, 383 F.3d 663 (7th Cir. 2004)……………………………… 3

*In re Morris*, 223 F.3d 548, 552 (7th Cir. 2000)……………………………………….. 5

*In re Sheridan*, 57 F.3d 627, 633 (7th Cir. 1995)...............................................  5

## **STATUTES AND RULES**

11 U.S.C. § 727...................................................................................  2

11 U.S.C. § 523(a)(2)(B).....................................................................  2, 4, 5, 6, 7

11 U.S.C. 523(a)(2)(B)(iv)..................................................................  6, 11

Section 727, 1141, 1228(a), 1228(b) or 1328(b)

Federal Rule of Bankruptcy 8013.......................................................  3

Fed. R. Evid. 609(b)...........................................................................  13

## II.    JURISDICTIONAL STATEMENT[1]

Plaintiff appeals to this Court pursuant to 28 U.S.C. §158(a)(1).  Appellant initially appealed from the Bankruptcy Court's Order dated December 2, 2005 entered on the docket by the Clerk of the Bankruptcy Court on December 5, 2005 granting's defendant's Motion for Summary Judgment on Count I of plaintiff's Complaint. Appellant filed its initial Notice of Appeal on December 15, 2005.  At the time it filed its Notice of Appeal, Count II of the Complaint was still pending.  This Court dismissed the initial appeal for want of jurisdiction lacking a final Order of the Bankruptcy Court as to all claims or alternatively a Fed. R. Bank. P. 7054(a) statement as why there is no just reason for delay. On May 10, 2006, the Bankruptcy Court entered a Judgment Order pursuant to Fed. R. Bank. P. 9021 entering Judgment in favor of Avie Cohen and against Fischer Investment Capital, Inc. on Count I of the complaint and dismissing Count II.   On May 18, 2006, Plaintiff filed Notice of the instant appeal.

## III.    PROCEDURAL HISTORY

Plaintiff Fischer Investment Capital, Inc. ("Fischer Investment") and Debtor Avie Cohen ("Cohen") and The Joblotter Incorporated ("Joblotter"), entered into a Note and Security Agreement ("Note") dated March 23, 2000 whereby Fischer Investment loaned a principal amount of Two Hundred Seven Thousand Dollars ($207,000.00) to Cohen and Joblotter. Litigation over repayment of the Note subsequently ensued, with Fischer Investment filing a Complaint against Joblotter, Cohen and Holly Borchert, a second individual employed by Joblotter, in the Circuit Court of Cook County, Illinois.[2]   Cook County Circuit Court Judge

---

[1]      Although required to do so, Appellant has not provided a jurisdictional statement with its brief.

[2] Count IV of the State Court Complaint was directed only at Holly Borchert for Breach of Guaranty, and said Count was subsequently dismissed. Borchert similarly filed for chapter 7 bankruptcy protection though no adversary action was ever brought against her.

Barbara Disko entered a Default Judgment against Joblotter and Cohen, jointly and severally, in the amount of Five Hundred One Thousand, Six Hundred Seventy-Six and 85/100 Dollars ($501,676.85) on December 17, 2003. Cohen subsequently filed for Chapter 7 Bankruptcy protection on March 24, 2004. Thereafter, Fischer Investment filed a two Count Adversary Complaint against Cohen objecting to dischargeability. The adversary proceeding was based upon the same claim for breach of contract that was the subject of the State Court action, the only difference being that Fischer Investment added new allegations that the Note was procured through fraud. Count I of the Adversary Complaint sought to recover the Two Hundred Seven Thousand Dollars ($207,000.00) loan which Fischer Investment alleged to have been induced by fraud. Count II alleged that Joblotter and Cohen converted a Three Thousand, Five Hundred Dollars ($3,500.00) check belonging to Fischer Investment.[3] Cohen subsequently filed a Motion for Summary Judgment, arguing that Fischer Investment's allegations of fraud were made solely for the purpose of avoiding dischargeability of debt under 11 U.S.C. § 727 pursuant to the dischargeability exception of 11 U.S.C. § 523(a)(2)(B) and were wholly unsupported by the evidence.

On December 2, 2005, the United States Bankruptcy Court Judge A. Benjamin Goldgar issued a Memorandum Opinion and Order in the adversary proceeding granting Summary Judgment in favor of Cohen with respect to Count I. The Order was entered on December 5, 2005. On May 10, 2006, Judge Goldgar entered a Fed. R. Bank P. Rule 9021 Judgment Order granting Summary Judgment in favor of Avie Cohen on Count I and dismissing Count II of the complaint. Fischer Investment filed the instant appeal arguing that Judge Goldgar has erred in granting Summary Judgment in favor of Cohen on Count I of the adversary complaint. Specifically, Fischer Investment enumerates the following four (4) issues on appeal:

---

1.    Did the Bankruptcy Court err as a matter of law in granting, in part Avie Cohen's Motion for Summary Judgment?

2.    Did the Bankruptcy Court err as a matter of law in finding that Fischer Investment did not establish all the elements of a claim under § 523(a)(2)(B)?

3.    Did the Bankruptcy Court err as a matter of law in finding that there was not a genuine issue of material fact on whether the written statements, attached as Exhibit C to the Adversary Complaint, were materially false?

4.    Did the Bankruptcy Court err as a matter of law in finding that there was not a genuine issue of material fact as to whether there was fraudulent intent to induce Fischer Investment to loan the funds to Avie Cohen?

## IV.    STANDARD OF REVIEW

"A Bankruptcy Court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo." In re Midway Airlines, Inc., 383 F.3d 663, 668 (7th Cir. 2004). Federal Rule of Bankruptcy 8013 states that "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court judge to judge the credibility of the witness." After reviewing all of the evidence, Judge Goldgar concluded that "no evidence shows that the list of accounts receivable was false, let alone materially so". Memorandum Opinion at p. 9. Moreover, Judge Goldgar found that "no evidence shows that Cohen gave the list to Fischer intending to induce Fischer Investment to make the loan." Memorandum Opinion at p. 10. Accordingly, even viewing all the evidence in a light most favorable to non-movant Fischer (Memorandum Opinion at p. 2), Judge Goldgar found that absolutely no evidence existed to support plaintiff's fraud claim. Since Judge Goldgar found that the facts failed to prove both that the accounts receivable were either materially false or that Cohen possessed the requisite fraudulent intent to deceive, and those findings of fact can only be disturbed if the Court finds

that such findings were clearly erroneous, this Court should affirm the Bankruptcy Court's ruling of summary judgment as a matter of law.

## V.    STATEMENT OF FACTS

Joblotter was an Illinois Corporation in the business of handling liquidations. Cohen ran the day-to-day operations of Joblotter. Adversary Complaint at ¶ 11. Fischer Investment is an Illinois Corporation in the business of lending. Id. at ¶ 4; Rule 7056-1 Statement of Facts ¶ 3. On March 23, 2000, Joblotter and Cohen, jointly and severally as the "Borrower", entered into an Agreement with Fischer Investment in which Fischer Investment lent a sum of Two Hundred Seven Thousand Dollars (\$207,000.00). Adversary Complaint at ¶ 12 and Exhibit A attached thereto. Cohen further executed a personal Guaranty of the same date. Id.    The Note and Security Agreement stated that the loan was to be secured by collateral including "all accounts receivable" of Joblotter. Id. Joblotter subsequently defaulted under the Note. Adversary Complaint at ¶ 24. Fischer Investment filed a Complaint in the Circuit Court of Cook County in which it alleged Breach of Note against both Joblotter and Cohen and Breach of Guaranty against Cohen, individually. Rule 7056-1 Statement of Facts ¶ 4.    Notably, there was no mention or allegations of any fraudulent misrepresentation in the state court complaint. No adjudication on the merits was had in the state court and a default judgment was entered against Joblotter and Cohen, jointly and severally. Rule 7056-1 Statement of Facts ¶ 7.

Before the default judgment could be enforced, Cohen filed for Chapter 7 bankruptcy protection, and Fischer Investment thereafter filed an Adversary Complaint objecting to the dischargeability of the debt pursuant to 11 U.S.C. §523(a)(2)(B) alleging that:

> Cohen made false statements and written misrepresentations to Fischer Investment, through its representative, Scott Fischer, which statements Cohen knew to be false, in order to induce Fischer Investment to loan funds pursuant to the Note and Security Agreement. Such False statements included but are not

- 4 -

limited to Cohen's exaggerations and misrepresentations about the account receivable during the negotiations with Fischer Investment.

Adversary Complaint at ¶ 29. Fischer Investment further alleged that Cohen made oral misrepresentations regarding certain personal effects allegedly pledged as collateral and belonging to Cohen. Id. at ¶ 31.

Notwithstanding allegations to the contrary, Fischer Investment's principal, Scott Fischer, testified in his deposition that he did not know whether or not the receivables were accurate. 7056-1 Statement of Facts at ¶ 12, Fischer Dep. at p. 46. Lisl McDonald, employee of Fischer investment, testified at her deposition that she did not know whether or not the receivables were accurate. 7056-1 Statement of Facts at ¶ 15, McDonald Dep. at pp 20, 24. Cohen testified at his deposition that he did not participate in the preparation or presentation of the list of accounts receivable, but that Holly Borchert prepared and presented the list. Cohen Dep. at p. 20. Holly Borchert, president of Joblotter, testified at her deposition that she prepared the list and that she believed the list to be accurate. Borchert Dep. at p. 29-30.

## VI.    ARGUMENT

### A.    The Bankruptcy Court correctly granted Avie Cohen's Motion for Summary Judgment on Count I.

The Bankruptcy Court correctly granted Avie Cohen's Motion for Summary Judgment on Count I. In Count I of its Adversary Complaint, Fischer Investment is seeking to establish an exception to the dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(B). In order to state a viable claim pursuant to 11 U.S.C. § 523(a)(2)(B), a creditor must prove five (5) elements: (1) the debtor made a statement in writing, (2) the statement concerned the debtor's financial condition; (3) the statement was materially false; (4) the debtor made the representation with an intent to deceive the creditor; and (5) the creditor actually and reasonably relied on the

misrepresentation. In re Morris, 223 F.3d 548, 552 (7th Cir. 2000); In re Sheridan, 57 F.3d 627, 633 (7th Cir. 1995). Moreover, since a presumption applies that the debt is dischargeable, in order to prove an exception, the creditor must demonstrate the above elements by a preponderance of the evidence. See In re Garcia, 2004 WL 2862311 (Bank.N.D.Ill.) citing Grogan v. Garner, 498 U.S. 279, 291 (1991) (The party seeking to establish an exception to the discharge of debt bears the burden of proof by a preponderance of the evidence). See also Judge Goldgar's Memorandum Opinion at p. 8 citing the same.

11 U.S.C. 523(a)(2)(B) reads as follows:

§ 523. Exceptions to discharge

(a)     A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –

(2)     for money, property, services, or an extension, renewal, or refinancing or credit, to the extent obtained by –

    (A)     false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

    (B)     use of a **statement in writing** –

        (i)     that is **materially false**;

        (ii)     **respecting the debtor's or an insider's financial condition;**

        (iii)     on which the creditor to whom the debtor is liable for such money, property, services, or **credit reasonably relied**; and

        (iv)     that the **debtor caused to be made or published with intent to deceive**

(emphasis added).

Upon reviewing the evidence, Judge Goldgar found that Fischer Investment allegations concerned a "statement in writing" and that the statement concerned an insider's financial condition upon which Fischer Investment relied. However, he found that Fischer Investment

failed to put forth enough evidence to satisfy the remaining elements, specifically, subparts (i) "material falsity" and (iv) "intent to deceive". Judge Goldgar wrote "the section 523(a)(2)(B) claim falls apart, though, on the two remaining elements, both critical." Memorandum Opinion at p. 9. As fully detailed below, the facts simply do not support any finding, let alone by a preponderance of the evidence, that the list of accounts receivable were false or that they were presented with the requisite intent to deceive. As such, Judge Goldgar correctly concluded that Fischer failed to set forth a viable 523(a)(2)(B) exception and correctly granted summary judgment as a matter of law in favor of Cohen on Count I.

**B.      The Bankruptcy Court correctly held that Fischer Investment failed to establish all the elements of a claim under §523(a)(2)(B).**

Fischer Investment's claim is based upon allegations that a three (3) page handwritten list of account receivables was "exaggerated" so as to induce Fischer Investment to make the subject loan to Joblotter and Cohen. Adversary Complaint at ¶ 29; Appellate Brief at p. 5. However, Fischer Investment has provided no actual evidence that the receivables were inaccurate, only making blind conclusions that because the loan was not repaid in full that the receivables must therefore have been "exaggerated". Judge Goldgar found that "Cohen's failure to repay the loan, however, proves only that the loan was not repaid, the rest of Fischer's theory is speculation." Memorandum Opinion at p. 9. The lack of evidence that the receivables were false is more fully discussed below in section 3 of this Appellee Brief.

Moreover, Fischer Investment has failed to put forth any evidence that Cohen possessed the requisite intent to deceive. The actual evidence in fact shows that it was Borchert, and not Cohen, who prepared the handwritten list of receivables, and that Borchert testified she believed them to be accurate. Borchert Dep. at p. 29, Cohen Dep. at p. 20 and 7056-2 Statement of Facts. As more fully discussed below, the evidence put forth by Fischer Investment is based solely

-7-

upon assumptions of fraud by Fischer Investment of which Judge Goldgar found "none of this is enough to warrant an inference in Fischer Investment's favor." Memorandum Opinion at p. 10.

Judge Goldgar carefully considered the evidence and correctly concluded that Fischer Investment failed to make out a prima face case so as to meet each and every element of a dischargeability exception pursuant to § 523(a)(2)(B). In finding that Fischer Investment failed to meet its threshold burden, Judge Goldgar stated "summary judgment is the put up or shut up moment in a lawsuit, when the party must show what evidence it has that would convince a trier of fact to accept its version of the events." Citing Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005). For all the reasons enumerated below, this Court should affirm Judge Goldgar's findings of fact unless they deem them to be clearly erroneous.

**C.     The Bankruptcy Court correctly found that there was not a genuine issue of material fact on whether the written statements, attached as Exhibit C to the Adversary Complaint, were materially false.**

Fischer Investment sets forth in its Appellate brief the same arguments that Judge Goldgar previously considered and rightfully rejected. Fischer Investment once again blindly claims that "the accounts receivables were materially false" without putting forth any actual evidence of their falsity. The Bankruptcy Court reviewed the scant evidence put forth by Fischer Investment and found that the three (3) page handwritten list of receivables at issue (attached as Exhibit C to the Adversary Complaint) was not false, "let alone materially so". To the contrary, Judge Goldgar found that "Fischer's deposition testimony makes clear that he simply decided the list must have been false because Cohen failed to pay back the loan in full. Fischer conceded he had no idea whether the receivables were actually collected (and if they were, the list was accurate), or whether the items on the list were 'never real receivables to begin with.'" Memorandum Opinion at p. 9 citing Fischer Dep. at p. 46, Ex. 9 to 7056-2 Statement of Facts.

- 8 -

Judge Goldgar found that any conclusion that the account receivables were false because the loan was not repaid was pure "speculation" of the part of Fischer Investment for which he concluded "speculation will not prevent summary judgment". Memorandum Opinion at p. 9. In addition to Fischer's deposition testimony in which he concedes he did not know whether the accounts were accurate or not, Lisl McDonald, another Fischer employee likewise testified in her deposition that she too had no knowledge that the account receivables were inaccurate. 7056-1 Statement of Facts at p. 4 ¶ 15 citing Ex. F McDonald Dep. at p. 24.

In support of its conclusion that the receivables must have been "false", Fischer Investment argues that Borchert testified that the amounts listed in the receivables were not "typical" of Joblotter's receivables. However, Fischer Investment fails to mention that Borchert testified that although the receivables may not have been "typical", they were accurate. Borchert Dep. at p. 29-30. Specifically, the deposition transcript reads as follows:

Q:     "Were these (account receivables) accurate at the time you provided them to Mr. Fischer?

A:     As far as I know, they are.

Judge Goldgar considered this evidence and concluded "that the figures were not 'typical", however, does not mean they were false." Memorandum Opinion at p. 10 citing Borchert Dep. at p. 29-30.

Fischer Investment further argues that Borchert's testimony that some of the receivables were just "hopeful" is sufficient to raise a material issue of fact as to whether the receivables were "materially false." (Appellant's Brief at p. 8). This argument was likewise considered and rejected by Judge Goldgar, who states:

"Fischer Investment also asserts that Borchert characterized the figures on the list as no more than "hopeful." She did not. Borchert distinguished between receivables on the list with "an invoice number" and those without. The latter, she said were just "hopeful".

-9-

(Borchert Dep. at p. 31.) "None of this is enough to warrant an inference in Fischer Investment's favor."

Memorandum Opinion at p. 10. There is no evidence to suggest that these few "hopeful" invoices were not actual invoices for which Joblotter was simply "hopeful" they could collect upon. Moreover, the "hopeful" invoices of which Borchert refers number only a few on the list which clearly bears the word "approximate". See Exhibit C to Adversary Complaint. As such, any reliance by Fischer on these few receivables without invoice numbers assigned to them would have been unreasonable.

Finally, Fischer Investment argues in its brief that Scott Fischer, its principal, testified that Cohen and Borchert told him the receivables were not accurate. Appellant's Brief at p. 5, citing Fischer Dep. at p. 45-47. However, a reading of the deposition transcript in its entirety reveals that, when asked to elaborate, Scott Fischer stated, "I don't know whether they (accounts receivable) were actually receivables that were collected and then used for something else, or whether they were never real receivables to begin with." Fischer Dep. at p. 46. Once again the evidence does not support a finding that the receivables were in fact false or inaccurate, but merely that Fischer Investment concludes they must have been so based upon the loan having not been repaid in full. Judge Goldgar correctly concluded that such speculation does not sufficiently meet the pleading requirements of a 523(a)(2)(B) claim. Memorandum Opinion at p. 9. There is simply no affirmative evidence that the receivables were false. Even viewing all the facts in a light most favorable to non-movant Fischer Investment (Memorandum Opinion at p. 2) Judge Goldgar still concluded that Fischer Investment failed to meet its burden of proof. Judge Goldgar's findings are consistent with the lack of evidence put forth by Fischer Investment and as such, his findings should not be set aside.

Because the evidence surrounding the creation and presentation of the three handwritten pages of accounts receivable fail to support Fischer Investment's claim that the receivables were "materially false", Fischer argues that the Bankruptcy Court erred by not considering the "totality of the circumstances", (Appellant's Brief at p. 10) to reach a conclusion that the receivables presumably must have been false. In support of this "totality" theory, Fischer attempts to paint Cohen as a dishonest person in general, thereby concluding that he must therefore have been dishonest with regard to misrepresenting the accounts receivable. However, Judge Goldgar considered the "dubious admissibility" of Cohen's past but concluded that discrediting one's denials is not sufficient to draw a contrary conclusion. Memorandum Opinion at p. 10 FN 5, citing Bose Corp. v. Consumers Union of United States, Inc., 466 U.S. 485, 512 (1984). Judge Goldgar concluded that "some affirmative showing from Fischer Investment is necessary". Id. In short, allegations of general "dishonesty", without more, are insufficient to prove by a preponderance of the evidence that the written list of accounts receivable at issue in this case were materially false.

**D.    The Bankruptcy Court correctly found that there was no genuine issue of material fact regarding whether Cohen intended to fraudulently induce Fischer Investment to make the loan**.

In order to prevail on a § 523(a)(2)(B) claim for an exception to dischargeability, Fischer Investment must not only prove by a preponderance of the evidence that the accounts receivable were "materially false", but must also prove that they were "published with intent to deceive." 11 U.S.C. 523(a)(2)(B)(iv). With regard to this second missing element, Judge Goldgar found that "in the absence of any false statement, of course, there can be no intent to defraud." Memorandum Opinion at p. 10. Judge Goldgar however went even further, stating that "even assuming the accounts receivable list was false, no evidence shows that Cohen gave the list to

Fischer intending to induce Fischer Investment to make the loan, because no evidence shows Cohen even knew about the list." Id. citing In re Sheridan 57 F.3d 627 (7th Cir. 1995). The evidence shows that Borchert, and not Cohen prepared and gave the list to Fischer. Borchert Dep. at p. 29; Cohen Dep. at p. 20. Ex. 1 and 3 respectively to 7056-2 Statement of Facts. Cohen was asked at his deposition "whether the numbers reflected on here were an accurate representation of the Joblotter Incorporated business accounts receivable at the time you were negotiating the loan" to which Cohen responded that he would not know because it was Mr. Borchert who prepared the list. Cohen dep. at p. 20. Simply no evidence exists which indicates that Cohen either knew or believed the list of receivables to be inaccurate or had any intent to deceive Fischer Investment.

Because the facts surrounding the creation and presentation of the list of receivables itself do not support a finding of fraudulent intent, Fischer Investment once again tries to make the leap that because Cohen has been "intentionally misleading about other events" (citing to inconsistencies in his deposition testimony), that therefore he must have intended to be misleading with respect to the receivables. See Appellant's Brief at p. 5. Fischer Investment supports its argument by identifying several inconsistencies in Cohen's deposition testimony with regard to items of collateral other than the accounts receivable securing the loan. Fischer Investment's initial § 523(a)(2)(B) claim included the argument that Cohen misrepresented certain other items of collateral including personal effects and artwork, but Judge Goldgar correctly noted that any representations with regard to those items of collateral were made orally and as such, could not be the subject of a § 523(a)(2)(B) claim which specifically requires a writing. Judge Goldgar found that "because section 523(a)(2)(B) must be based on 'a statement in writing,' 11 U.S.C. § 523(a)(2)(B); see also Berkson v. Gulevsky (In re Gulevsky), 362 F.3d

- 12 -

961, 963-64 (7th Cir. 2004), and because there has been no showing that Cohen's representations about his personal property were other than oral, those representations, even if false, lend no support to Fischer Investment's claim." Memorandum Opinion p. 7 FN 4.

In addition, Fischer Investment argues that since Cohen has a prior felony conviction (albeit 20 years prior), he therefore must have intended to be dishonest with regard to this transaction. Judge Goldgar stated with regard to the ancient conviction that "the dubious admissibility of this little tidbit aside, see Fed. R. Evid. 609(b), Fischer Investment cannot meet its burden of proof and stave off summary judgment by merely discrediting Cohen's denials." Goldgar Memorandum Opinion at p. 10 FN 5.

The facts remain that Scott Fischer, principal of Fischer Investment, admitted that he had no idea whether the receivables were in fact accurate or not. Fischer Dep. at p. 46. The fact that Joblotter was unable to fully collect on each and every one of the receivables does not infer that the receivables were not accurate or at a minimum believed to be accurate at the time they were presented. Moreover, it does not mean that the list of accounts receivable were presented to Fischer Investment with the requisite intent to deceive. Cohen has denied any such intent to deceive and Fischer has failed to put forth any affirmative evidence to the contrary other than shaky inferences based upon past conduct. Judge Goldgar's finding of fact were not "erroneous" and as such the Bankruptcy Court was correct in finding as a matter of law that Fischer Investment failed to set forth all the requisite elements of a § 523(a)(2)(B) claim for exception to dischargeability.

## VII.  CONCLUSION

Fischer Investment is desperately trying to build a case for an exception to dischargeability because it was not paid in full on the loans made to Joblotter and proving that

- 13 -

the loan was induced by fraud is the only way this debt can be recoverable in light of Cohen's intervening bankruptcy. However, the facts are simply insufficient to meet Fischer Investment's burden of proving by a preponderance of the evidence both the material falsity of the list of account receivables and that Cohen possessed an intent to deceive. In reality, Fischer Investment issued the loan to Joblotter and Cohen after performing little if any due diligence, relying in large part upon three handwritten pages of accounts receivable which plainly state that a portion of the receivables were "approximate". Fischer Investment also argues that it relied upon oral representations made by Cohen concerning the value of certain collectibles viewed during a walk through tour of Cohen's personal residence. Though the evidence likewise fails to show that the representations made by Cohen were anything but true, for purposes of an adversary claim for an exception to dischargeability, such oral representations are not subject to § 523(a)(2)(B) which requires that the misrepresentation be in writing.

Fischer Investment's conclusions of fraud are just that, conclusions. They are based upon grasping at collateral facts that even when viewed in their totality in a light most favorable to Fischer Investment, are still insufficient to adequately allege two critical elements of a § 523(a)(2)(B) claim that Judge Goldgar found to be missing, namely, that the accounts receivables were materially false and that Cohen has the requisite intent to defraud.

Since Fischer Investment is unable to meet the requisite elements to set forth a viable claim for dischargeability pursuant to 11 U.S.C. § 523(a)(2)(B), this Court should affirm the Bankruptcy Courts ruling of Summary Judgment in favor of Cohen.

**AVIE COHEN**


By:___ /s/  Lester A. Ottenheimer, III_____

Lester A. Ottenheimer III
Ottenheimer Teplinsky Rosenbloom, LLC
750 Lake Cook Road
Suite 140
Buffalo Grove, Illinois  60089
(847) 520-9400
Attorney No. 3127572